**Ramon CHAVEZ–ASCENCIO; Aurora Chavez, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–76639.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Oct. 30, 2008.

Charles E. Nichol, Law Offices of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Gregory Darrell Mack, Esquire, Senior Litigation Counsel, Julia Tyler, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, D.W. NELSON, and REINHARDT, Circuit Judges.

MEMORANDUM *

The petitioners Ramon Chavez–Ascencio and Aurora Chavez are husband and wife

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and natives and citizens of Mexico. They petition this court for review of the BIA's denial of their motions to reopen their removal proceedings. They had sought cancellation of removal on hardship grounds related to the needs of their daughter, and they sought reopening in order to present new evidence on that issue.

The BIA denied Chavez's motion for reopening because she had failed to voluntarily depart within the time permitted, and was therefore statutorily barred from applying for the relief she sought. *See* 8 U.S.C. § 1229c(d). The BIA denied reopening for Chavez–Ascencio because the BIA made the discretionary determination that he had still failed to make out a prima facie case of hardship eligibility. We lack jurisdiction to review that determination. 8 U.S.C. § 1252(a)(2)(B)(i).

Chavez suggests that because she was granted the privilege of voluntary departure within thirty days of the time the BIA denied relief on her appeal, whereas an alien who is ordered removed and denied the privilege of voluntary departure has ninety days to seek a reopening, there has been a denial of equal protection. This argument is foreclosed. We have held that the two classifications of persons are not similarly situated, because those allowed voluntary departure receive a substantial benefit. *See de Martinez v. Ashcroft*, 374 F.3d 759, 764 (9th Cir.2004).

Chavez–Ascencio also asks us to determine that he had good moral character. This claim is not properly before us because he failed to seek BIA review of the IJ's adverse determination; his position is without merit in any event because the evidence supported the IJ's determination that Chavez–Ascencio testified falsely in order to obtain immigration benefits.

Petition DENIED.